ORDERED.

**Dated:  October 10, 2023**

Catherine M. Ewen

Catherine Peek McEwen
United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF FLORIDA
### *Tampa Division*

IN RE:                                                          Chapter 11

NEUROEM THERAPEUTICS, INC.,                  Case No.: 8:23-bk-00425-CPM

_____Debtor._____/

### ORDER CONFIRMING DEBTOR'S AMENDED
### PLAN OF REORGANIZATION PURSUANT TO 11 U.S.C. § 1191(b)

**THIS CASE** came on for hearing on September 28, 2023 at 3:00 p.m., to consider confirmation of the Third Plan of Reorganization [Doc. No. 111] (the "**Plan**") proposed by NeuroEM Therapeutics, Inc. (the "**Debtor**").

<u>Changes made on the record in open court</u>: During the hearing, the parties informed the Court that the parties had reached various agreements to resolve their disputes regarding confirmation issues, namely:

A.    <u>Plan amendments made on the record in open court</u>:

   i.    The following changes relate to the claims of Lyle R. Scritsmier, his various entities, his siblings, and the entities controlled by his siblings.

      a.    Claims 3 and 4 will be allowed in full and treated in Class 3 with the NEMI and Arendash convertible note claims to the extent so convertible.  The Debtor will not object to Claim Nos.: 3 and 4.

      b.    Lyle R. Scritsmier, the Lyle R. Scritsmier Living Trust, the Lyle R. Scritsmier GST Trust, and any other entities Lyle Scritsmier is affiliated with will waive all claims they may have against the Debtor (including Claim No.: 50) other than Claim Nos.: 3 and 4. In order to avoid any confusion, Proof of Claim Nos.: 27 and 47, which are owned by entities controlled by siblings of Lyle R.

Scritsmier, are not waived, will be allowed in full, and treated in Class 3 with the other convertible notes claims including the NEMI and Arendash note claims.~~.~~   The Debtor will not object to Claim Nos.: 27 and 47.

c.      The Debtor will not reject the stock warrants (21,500 shares at $1.00 per share) which were allocated and issued to Lyle R Scritsmier Living Trust, Milton B. Scritsmier Living Trust, and Ellen Sullivan Living Trust pursuant to the Settlement Agreement dated January 10, 2022.  The three aforementioned Trusts will retain these stock warrants post-confirmation.

d.      Lyle R. Scritsmier will receive three transcranial electromagnetic devices pursuant to section 1(c) of the Settlement Agreement dated January 10, 2022.  In the event the FDA approved devices are not commercially available for individual users, Lyle R. Scritsmier will be given the right to select any other transcranial electromagnetic devices utilizing the Debtor's Alzheimer's intellectual property.

e.      The final pre-exchange capitalization table for the Debtor will reflect the distribution of the Scritsmier Bypass Trust's 23,955 shares equally to the trust's three beneficiaries in the amount of 7,985 shares each: GST Exempt Trust for Lyle R. Scritsmier dated June 3, 2017; The Milton B. Scritsmier Living Trust dated August 20, 2015; and Ellen Marie Sullivan Living Trust.  To the extent that the Debtor needs any additional documentation or representations to complete the distribution, the Debtor will provide drafts to Lyle R. Scritsmier who will accommodate all reasonable requests.  The parties will collectively complete any paperwork necessary to effectuate the transfer prior to the entry of the Confirmation Order

ii.      The treatment of Class 2 shall be modified as follows:

The University of South Florida holds a scheduled allowed general unsecured claim in the amount of $112,500 which is based on the Debtor's failure to tender royalty payments to claimant under the Standard Exclusive License Agreement with Sublicensing Terms (Agreement # LIC13031) dated June 30, 2013 which was amended on June 7, 2019, and again on November 30, 2020 (collectively, the "License Agreement").  The Debtor will assume the License Agreement on the Effective Date of the Plan.  The Debtor will cure all pre and post petition licensing arrearages at the earlier of: (1) when the Debtor can "afford" to; or (2) at the completion of a capital raise of at least $1,500,000.  The Debtor and claimant shall file a supplement with the Court detailing what constitutes the Debtor's ability to "afford" to cure the arrearages with the Court on or before the fourteenth (14th) day

following the entry of the Confirmation Order. The royalty fee in the License Agreement will be increased from 1% to 1.75%.

iii.     The treatment of Class 4 shall be modified as follows:

Claimants in this class will receive a 1.25X return on the amount of their allowed claim as of the Petition Date (i.e., an allowed claim of $100,000 would receive a total distribution of $125,000), which the Debtor will pay in full, without post-petition interest, on or before February 28, 2026. The Debtor, at its sole discretion, may elect to pay these claims in a lump sum or over time, or may offer the claimants the option to elect to receive common stock equity using the same exchange ratio as the members of NEMI. There is no pre-payment penalty.

iv.     The date of all payment obligations of the Debtor under the Plan shall be changed to February 28, 2026, with the exception of those obligations which mature prior to February 28, 2026. Obligations which mature prior to February 28, 2026, shall retain their original maturation dates.

v.     Paragraph 8.08 (b) of the Plan shall be modified to state that the Subchapter V trustee shall be discharged from her duty once the Debtor has completed all of the payments required under the Plan.

vi.     Paragraph 9.02 of the Plan shall be modified as follows:

Non-consensual Plan. If the Plan is confirmed under § 1191(b), the Debtor shall receive its discharge once all payments required under the Plan have been made, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

vii.     The Debtor shall be prohibited from issuing nonvoting equity securities to any claimant entitled to receive equity securities under the Plan or this order. Equity securities issued under the Plan or this order shall be of the same class of security, with the same voting rights, as the common stock which existed prior to the entry of this order.

B.     <u>Withdrawal of objections/changes of votes made orally on the record in open court</u>:

i.     Lyle R. Scritsmier, the Lyle R. Scritsmier Living Trust, and the Lyle R. Scritsmier GST Trust changed their votes in Classes 3 and 5 to accept the Plan.

ii.     The claimants referred throughout the case as "NEMI", the "NEMI Group" or the "NEMI Investors," who were represented at the confirmation hearing

by Michael Lichtenstein and J. Ryan Yant, changed their votes in Class 3 to accept the Plan.

After considering (a) the Second Verified Confirmation Statement [Doc. No. 129]; (b) the evidence proffered and the arguments of counsel and claimants; and (c) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded that the Plan should be confirmed. Accordingly, it is

**ORDERED:**

1.  <u>Jurisdiction, Venue, Core Proceedings</u>. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtor is an eligible debtor under 11 U.S.C. § 109.[1] Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  <u>Deadline/Solicitation Order</u>. On May 31, 2023, the Court entered its Order Setting: (I) Hearing on Confirmation of Plan of Reorganization, (II) Deadlines With Respect to Confirmation Hearing, and (III) Deadline for Filing Applications for Administrative Expenses (the "**Solicitation Approval Order**") [Doc. No. 76]. The Solicitation Approval Order was modified by a subsequent order [Doc. No. 105] on August 7, 2023.

3.  <u>Confirmation of Plan</u>. The Plan is **CONFIRMED** pursuant to 11 U.S.C. §§ 1129 and 1191(b).

4.  <u>Transmittal of Solicitation Packages</u>. Copies of the Plan, the Solicitation Approval Order, the modified Solicitation Approval Order, and a ballot (together, the "**Plan Solicitation Package**") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.

5.  <u>Ballot Tabulation</u>. The Debtor filed a Ballot Tabulation [Doc. No. 130] which reflected the acceptance of at least one impaired class.

6.  <u>Compliance with the Requirements of 11 U.S.C. §1129</u>.

---

[1] Subsequent cites to title 11 of the United States Code may sometimes be to "the Bankruptcy Code."

a.     <u>Compliance with 11 U.S.C. §1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

i.     <u>Proper Classification</u>. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

ii.    <u>Specified Unimpaired Classes</u>. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. §1123(a)(2).

iii.   <u>Specified Treatment of Impaired Classes</u>. The Plan designates which classes are as impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

iv.    <u>No Discrimination within Classes</u>. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

v.     <u>Implementation</u>. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. §§ 1123(a)(5).

vi.    <u>Corporate charter amendments</u>. The Plan, as modified by this order, provides for a prohibition on issuing nonvoting equity securities. The Debtor currently only has one class of equity securities and claimants issued equity securities under the Plan will receive equity securities in that class. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(6).

vii.   <u>Impairment/Unimpairment of Classes of Claims and Interests</u>. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. §1123(b)(1).

viii.  <u>Assumption or Rejection of Leases and Executory Contracts</u>. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. § 365, as permitted by 11 U.S.C. § 1123(b)(2).

     ix.    <u>Modification of the Rights of Holders of Secured Claims</u>. There are no holders of secured claims.  Therefore, 11 U.S.C. §1123(b)(5) is inapplicable.

     x.    <u>Cure of Defaults</u>. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. §1123(d).

b.    <u>Compliance with 11 U.S.C. § 1129(a)(2)</u>. The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code.  Specifically:

     i.    The Debtor is an eligible debtor under 11 U.S.C. § 109.

     ii.    The Debtor has complied with the applicable provisions of the Bankruptcy Code, unless such compliance was excused by order of this Court.

     iii.    The Debtor has complied with 11 U.S.C. § 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c.    <u>Compliance with 11 U.S.C. § 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Plan. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

d.    <u>Compliance with 11 U.S.C. § 1129(a)(4)</u>. Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e.    <u>Compliance with 11 U.S.C. § 1129(a)(5)</u>. The proponent of the Plan has disclosed the identity of the post-confirmation management as well as employment of insiders. Therefore, 11 U.S.C. § 1129(a)(5) is met.

f.    <u>Compliance with 11 U.S.C. § 1129(a)(7)</u>. As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or

retain if the Debtor was liquidated under Chapter 7. Therefore, 11 U.S.C. § 1129(a)(5) is met.

g.    <u>Compliance with 11 U.S.C. § 1129(a)(8)</u>. Every class of creditors that is impaired under the Plan did not vote to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is <u>not</u> met.

h.    <u>Compliance with 11 U.S.C. § 1129(a)(9)</u>. Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

i.    <u>Compliance with 11 U.S.C. § 1129(a)(10)</u>. At least one non-insider impaired class voted to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(10) is met.

j.    <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. Based upon the information contained in the Plan and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

k.    <u>Compliance with 11 U.S.C. § 1129(a)(12)</u>. The Plan provides that fees required to be paid pursuant to 28 U.S.C. § 1930 are administrative expenses that will be paid on the effective date of confirmation. Therefore, 11 U.S.C. § 1129(a)(12) is met.

l.    <u>Compliance with 11 U.S.C. § 1191(b)</u>. The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes. To wit:

    i.    The claimant in Class 2 has acquiesced to the Plan treatment as modified by this order, even though the claimant did not submit a ballot accepting the Plan.

    ii.    The Class 4 claimants are being paid their allowed claims in full, with interest on or before February 28, 2026.[1] Therefore, the Class 4 claimants are receiving property of a value, as of the effective date of the plan, equal to the allowed amount of such claim, and 11 U.S.C. § 1129(b)(2)(B)(i) is met.

    iv.    The Class 5 equity security holders are retaining property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which they

---

[1] The Court determined that by paying Class 4 claimants a 1.25X return on their claims, the Debtor was in effect paying interest on the claims at a commercially reasonable rate.

are entitled, any fixed redemption price to which they are entitled; or the value of that interest. Therefore, 11 U.S.C. § 1129(b)(2)(C)(i) is met.

m.  <u>Principal Purpose of the Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

7.  <u>Executory Contracts</u>. The Plan's assumption and assignment of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

8.  <u>Implementation</u>. The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements and take all other actions as may be necessary to implement and effectuate the Plan.

9.  <u>Binding Effect</u>. Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the heirs, administrators, executors, successors or assigns, if any, or any of them.

10.  <u>Liens survive</u>. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the Debtor will continue, for so long as the Debtor is obligated to the holder of the lien or security interest as a secured claimant.

11.  <u>Discharge</u>. Since the Plan was confirmed pursuant to 11 U.S.C. § 1191(b), the Debtor shall not receive its discharge until it has completed all payments due under the Plan.

12.  <u>Administration of the Plan</u>.  The Debtor shall be responsible for making all payments required under the Plan and filing any applicable reports or tax returns. The Subchapter V trustee shall continue to monitor the Debtor's affairs until all payments due within the first five years of the Plan have been made.  The Debtor will be responsible for payment of any reasonable administrative expense claims resulting from the Subchapter V trustee's continual monitoring of the case post-confirmation.

13.  <u>Compensation and expense reimbursement applications</u>. Debtor's counsel and other professionals retained by the Debtor shall file their final applications for

allowance of compensation and costs through the date of confirmation within thirty (30) days of the date of this order.

14. <u>Retained jurisdiction</u>. Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

15. <u>Exemption from Taxes</u>. Pursuant to 11 U.S.C. §1146, any sale or transfer of assets or delivery of any instruments contemplated under the Plan shall not be taxed under any law imposing a stamp tax or similar tax.

16. <u>Notice of Effective Date</u>. The Debtor shall file a notice with the Court within seven days from the occurrence of the Effective Date of the Plan.

17. <u>Spreadsheet Detailing Payments</u>. On or before the forty-fifth (45th) day following the Effective Date of Confirmation, the Debtor shall file a spreadsheet with the Court detailing all of the Debtor's payments under the Plan and this order.

18. <u>Objections to Confirmation</u>. The Re: Objection to Third Plan of Reorganization: Chapter 11 Subsection V Bankruptcy Case – Case No. 8:23-bk-00425-CPM [Doc. No. 122] and the Objection to the Third Plan of Reorganization in the NeuroEM Therapeutics, Inc., Chapter 11, Subsection 5 Bankruptcy Case – 8:23-bk-00425-CPM [Doc. No. 123] are both overruled as moot due to the modification of the treatment of the Class 4 claimants set forth in paragraph A(iii) above. No further orders shall be issued by the Court.

19. <u>Motion for Cram-Down</u>. The Motion to Confirm Plan of Reorganization Pursuant to 11 U.S.C. § 1191(b) [Doc. No. 127] is granted. No further order shall be issued by the Court.

20. <u>Status Conference</u>. A status conference will be held in, Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL 33602 on **December 11, 2023, at 10:00 a.m.**, before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge.

Attorney for Debtor, Buddy D. Ford, Esquire, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a Proof of service within three (3) days of entry of the order.